UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ARCHIE WILLIAMS                                                                CIVIL ACTION

VERSUS

CITY OF BATON ROUGE, ET AL.                                       NO. 20-00162-BAJ-SDJ

ORDER

Before the Court is Plaintiff Archie Williams' **Ex-Parte Motion to Quash (Doc. 117)**, seeking to strike or quash Defendants City of Baton Rouge, Marjorie Groht, Alfred Charles Mondrick, and Steven Woodring's (hereinafter, the "City Defendants") Motion for Summary Judgment (Doc. 115), which asserts the defense of qualified immunity. The Motion is opposed. (Doc. 121). Also before the Court is Defendants Nace Jerry Miller, Sybil Guidry, and Patrick Lane's **Motion to Continue Deadlines and Trial Date and Alternative Motion to Stay Proceedings Pursuant to Fed. Rule Civ. P. 26 (Doc. 116)**, which seeks to continue the trial in this matter, currently set for May 6, 2024, or, in the alternative, to stay discovery until the Court rules on their own Motion for Summary Judgment (Doc. 96), which also asserts the defense of qualified immunity. The Motion to Continue is also opposed. (Doc. 118). For the reasons that follow, the Motion to Quash (Doc. 117) will be denied, and the Motion to Continue (Doc. 116) will be granted.

Plaintiff in this civil rights case was wrongly convicted for rape in 1985 and spent thirty-five years in prison. On March 17, 2020, he filed suit against numerous individuals for their alleged role in his conviction. (Doc. 1). A scheduling order issued

jury

by the Court set a deadline for discovery of March 1, 2022. (Doc. 33). In December 2021, on joint motion of the parties, the Court modified its initial scheduling order and extended the deadline for discovery to May 31, 2022. (Doc. 41). On March 17, 2022, the Court again extended the discovery deadlines, this time to July 1, and extended the deadline for dispositive motions to August 31. (Doc. 46).

Under this new schedule, Plaintiff filed a motion for summary judgment against Defendant Lane on May 14. (Doc. 47). On July 7, on unopposed motion by Defendants Miller, Guidry, and Lane, the Court stayed all discovery except that necessary to respond to Plaintiff's Motion for Summary Judgment and administratively closed the case. (Doc. 55). On September 12, the Court denied without prejudice Plaintiff's Motion for Summary Judgment, ordering Plaintiff to refile his Motion when discovery into the issues raised therein was completed. (Doc. 58). On October 31, the Court reopened the case from administrative closure, (Doc. 63), and Plaintiff refiled his Motion for Summary Judgment, (Doc. 64), on December 14, which is still pending before the Court.

On January 5, 2023, Defendants Miller, Guidry, and Lane filed their own Motion for Summary Judgment, asserting the defense of qualified immunity. (Doc. 73). At a status conference on February 16, the Court denied without prejudice the January 5 Motion for Summary Judgment to allow time for further discovery. (Doc. 89). Defendants Miller, Guidry, and Lane refiled the Motion on June 7, which is also still pending before the Court. (Doc. 96). On July 7, the Court again stayed and administratively closed the case for 90 days for the purposes of holding a settlement

conference. (Doc. 101). The case was reopened on September 25 and reassigned to the undersigned Judge. On January 24, 2024, the Court issued a new scheduling order setting trial to begin May 6. (Doc. 112). On March 1, the City Defendants filed a Motion for Summary Judgment, asserting the defense of qualified immunity. (Doc. 115).

Plaintiff argues that the City Defendants' Motion is untimely because the Court never updated the dispositive motion deadline of August 31, 2022, set forth in the Court's March 17, 2022 Amended Scheduling Order (Doc. 46). Although Plaintiff is correct that no new dispositive motion deadline was ever set, he is incorrect to assume that the August 2022 deadline governed the parties' submissions. To the contrary, when the Court stayed and administratively closed the case on July 7, 2022, (Doc. 55), the dispositive motion deadline and all other deadlines set in the then-operative scheduling order were cancelled. (*See* Doc 57 (denying as unnecessary the parties' joint motion to continue the August 31 dispositive motion deadline because the deadline had "already been vacated")). The Court never set a new deadline for dispositive motions.

The U.S. Court of Appeals for the Fifth Circuit has spoken on this issue, and deadlines matter. In one case, the court affirmed a district court's denial of summary judgment as untimely where the motion was filed just before trial and "three months after the expiration of a deadline" to file dispositive motions. *Edwards v. Cass Cty., Tex.*, 919 F.2d 273, 275 (5th Cir. 1990). In a similar case with a different result, the higher court overturned a district court's denial of a motion for summary judgment

filed just before trial, holding that the defendants there "were not given sufficient warning that their motion for summary judgment would be considered untimely" because there was no deadline. *Moore v. Cockrell*, 144 F. App'x 397, 403 (5th Cir. 2005). Like the defendants in *Moore* and unlike those in *Edwards*, the City Defendants here were never given a deadline by which to file their Motion for Summary Judgment. Moreover, the Court's repeated stays and administrative closures likely gave the parties the opposite of certainty regarding how the Court expected the litigation to proceed. Put simply, the City Defendants had no notice that their Motion would be considered untimely. For this reason, the Court must consider it. As Plaintiff moved to quash instead of opposing the City Defendants' Motion for Summary Judgment, the parties will be allowed time to respond in opposition and reply.

Separately, Defendants Miller, Guidry, and Lane seek a continuance or stay of the case so that the Court may resolve the questions of qualified immunity now before the Court in two separate Motions for Summary Judgment. (Doc. 116). Because the City Defendants' Motion for Summary Judgment will not be fully briefed until the week before trial is set to begin, the Court must continue the trial.

Accordingly,

**IT IS ORDERED** that Plaintiff's **Ex-Parte Motion to Quash (Doc. 117)** be and is hereby **DENIED**. Plaintiff shall have 21 days from the date of this Order to respond in opposition to the City Defendants' Motion for Summary Judgment (Doc. 115). Once the opposition is filed, the City Defendants shall have 14 days to reply.

The format of the briefing shall be dictated by this Court's Local Rules and the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that Defendants Nace Jerry Miller, Sybil Guidry, and Patrick Lane's **Motion to Continue Deadlines and Trial Date and Alternative Motion to Stay Proceedings Pursuant to Fed. Rule Civ. P. 26 (Doc. 116)** be and is hereby **GRANTED**.

**IT IS FURTHER ORDERED** that the trial of this matter, currently set to begin on May 6, 2024, and the additional deadlines set forth in this Court's January 24, 2024 Scheduling Order (Doc. 112) be and are hereby **CONTINUED WITHOUT DATE**.

**IT IS FURTHER ORDERED** that a telephone status conference be and is hereby **SET** for April 15, 2024, at 2:30 P.M. for the purposes of selecting a new trial date and related deadlines. Dial-in instructions will be sent to counsel before the conference.

Baton Rouge, Louisiana, this 8th day of April, 2024

_____
BRIAN A. JACKSON, JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA